D. J. McDANIEL v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE, ET AL:

No. 4991. Decided June 25, 1928.
(8 S. W., 2nd Series, 666.)

*Black & Graves* and *Chas. L. Black,* for relator.

*R. L. Batts* and *J. T. Robison,* for respondent.

*Hill, Neill & Hill,* for co-respondent Yates.

*F. A. Williams, Underwood, Johnson, Dooley & Simpson, T. R. Freeman, S. W. Marshall, T. L. Foster, J. W. Timmins,* and *John L. Young,* filed briefs as *amici curiae.*

See briefs in Greene v. Robison, ante, p. 516.

Mr. Justice PIERSON delivered the opinion of the court.

Relator, D. J. McDaniel, seeks a mandamus to require J. T. Robison, Commissioner of the General Land Office, to issue to him a permit to prospect for oil and gas on Section No. 34½, Block 194, Certificate S. F. 12394, containing 1107 acres of land, in Pecos County, Texas, under the Permit and Lease Act of 1917.

On February 4, 1921, said tract of land was awarded and sold to I. G. Yates, classified as "mineral," and was sold with a reservation of the minerals to the State of Texas.

Relator on November 8, 1926, applied for a permit to prospect for oil and gas on said area under the Permit and Lease Act of 1917. Respondent Robison rejected relator's application, upon the ground that the area was not subject to the application on account of the provisions of the so-called Relinquishment Act of 1919, and that said Act repealed and superseded the Permit and Lease Act of 1917. Relator challenges the constitutionality and validity of said Relinquishment Act.

This case is in all essential respects similar to the case of Greene v. Robison et al., opinion this day delivered. (Ante, p. 516.) In that case this Court upheld the constitutionality and validity of said Relinquishment Act. For the reasons given in that case, relator is not entitled to a mandamus, and same is denied.